# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

THEODORE BOWERS,

    Plaintiff,

-vs-                                      Case No. 8:08-CV-1124-T-30MAP

ARAMARK CORRECTIONAL
SERVICES, INC., et al.,

    Defendants.
_____/

## **ORDER**

Plaintiff is a state prisoner confined at Polk Correctional Institution - Work Camp, Polk City, Florida. He initiated this action by filing, *pro se*, a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1).

Plaintiff names Aramark Corporation, and Long Do, Diane Rechtene, James Crosby, James McDonough, and Walter McNeil, who are currently employed, or formerly employed, by the Florida Department of Corrections as Defendants in this action. Because Plaintiff is seeking redress from governmental employees, the Court has undertaken the mandatory screening of his complaint pursuant to 28 U.S.C. § 1915A. In pertinent part, § 1915A provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the

> complaint, if the complaint -- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

The procedure required by § 1915A is, by its terms, a screening process to be applied sua sponte.

After reviewing the complaint, it is apparent that the facts in the complaint fail to support a viable claim for relief under 42 U.S.C. § 1983 as to one or more of the named Defendants. Accordingly, the Court will grant Plaintiff the opportunity to file an amended complaint.

## Discussion

**Plaintiff's allegations and claims**

Plaintiff essentially alleges that he is a vegan vegetarian, and that since 1997 Defendants have not provided him with a nutritionally adequate vegan diet. He asserts that as a result of not receiving a nutritionally adequate diet, his health has deteriorated and he now has a "white blood cell deficiency." Plaintiff also alleges that Defendants have been deliberately indifferent to his serious medical needs for refusing to provide him with vitamins to treat his "white blood cell deficiency." Plaintiff asserts that a doctor prescribed vitamins for him, but Defendant Rechtene, the Regional Medical Director, refused to approve the vitamins for Plaintiff.

Plaintiff claims that Defendants' actions constitute cruel and unusual punishment under the Eight Amendment, and a denial of due process under the Fourteenth Amendment.

For relief, Plaintiff seeks compensatory and punitive damages, a declaration that Defendants' actions violated his rights under the United States Constitution, and an injunction directing Defendants: 1) to provide him with a nutritionally adequate vegan diet; 2) not to

retaliate against him for filing this action; and 3) not to transfer him from his current place of incarceration during the pendency of this action.

**Analysis**

Initially, Plaintiff must clarify the Defendants in this action. He names Long Do as a Defendant; however, he does not mention Long Do in the factual allegations of the complaint. He names James Crosby and James McDonough, former Secretaries of the Florida Department of Corrections, but he does not allege sufficient facts showing that these Defendants had any knowledge of Plaintiff's complaints regarding an inadequate diet or denial of vitamins. The grievances Plaintiff attached to his complaint were submitted to prison officials in February 2008 or later (See Dkt. 1 at 28-41), and the Court takes judicial notice of information on the Florida Department of Corrections website, www.dc.stat.fl.us, which indicates that Walter McNeil was appointed as the Secretary of the Florida Department of Corrections in January 2008. Accordingly, Plaintiff's complaint fails to set forth sufficient facts showing Defendants Crosby and McDonough had any knowledge of Plaintiff's claims.

Secondly, from the face of the complaint, it does not appear that prior to bringing this action that Plaintiff has exhausted his administrative remedies regarding his claim that Defendants were deliberately indifferent to his serious medical needs for failing to provide him with vitamins. The Prison Litigation Reform Act, 42 U.S.C. § 1997e (PLRA), provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has stated that this

exhaustion requirement is the "centerpiece" of the PLRA. *Woodford v. Ngo*, 548 U.S. 81 (2006). The exhaustion requirement "attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Woodford*, 548 U.S. at 93 (quoting *Porter v. Nussle*, 534 U.S. 516, 525 (2002)) (footnote omitted). The exhaustion requirement is mandatory, and there is no discretion to waive it. *Woodford*, 548 U.S. at 85; *Alexander v. Hawk*, 159 F.3d 1321, 1324-26 (11th Cir. 1998).

In the instant case, Plaintiff attached to his complaint his inmate grievances (Dkt. 1 at 28-41). The grievances apprised prison officials that Plaintiff believed he was receiving a nutritionally inadequate vegan diet. The grievances did not, however, advise prison officials that Plaintiff was being denied vitamins which had been prescribed to him by a doctor (Id.). Thus, it appears that Plaintiff has not properly exhausted available administrative remedies regarding his claim that he is being denied vitamins that were prescribed for him. Plaintiff is advised that if he has not pursued available administrative remedies regarding his "vitamin" claim, his claim will be subject to dismissal.

**Leave to Amend**

Within thirty (30) days, Plaintiff may submit an amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. **An amended complaint supersedes the original complaint, and all claims must be raised in the amended complaint**.

Plaintiff must limit his allegations in his amended complaint to claims related to the same basic incident or issues as raised in his complaint, and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Defendants" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates of the alleged illegal acts. In the section entitled "Statement of Claims," Plaintiff must state what rights or statutes he contends have been violated, and he must provide reference to the facts supporting the claimed violations. Finally, in the "Relief Requested" section, Plaintiff shall identify the form of relief he seeks from this Court.

ACCORDINGLY, the Court **ORDERS** that:

1. The Clerk of Court is directed to mail with Plaintiff's copy of this Order a court-approved form for filing a civil rights complaint by a prisoner. This case number should be written on the form.

2. Plaintiff has **thirty (30) days** from the date of this Order to file an amended complaint, submitted on the court form, in compliance with this Order.

3. If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court shall, without further notice, dismiss this action.

**DONE** and **ORDERED** in Tampa, Florida on January 28, 2009.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: *Pro Se* Plaintiff