**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

THEODORE BOWERS,

    Plaintiff,

-vs-                                                Case No. 8:08-CV-1124-T-30MAP

ARAMARK CORRECTIONAL
SERVICES, INC., et al.,

    Defendants.
_____/

## **ORDER**

Plaintiff is a former State of Florida prisoner who initiated this action by filing, *pro se*, a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1). On January 28, 2009, the Court ordered Plaintiff to file an amended complaint (Dkt. 7). On February 13, 2009, Plaintiff filed his amended complaint (Dkt. 8).

In his amended complaint, Plaintiff names Aramark Corporation, and Long Do, Diane Rechtene, James Crosby, James McDonough, and Walter McNeil, who are currently employed, or formerly employed, by the Florida Department of Corrections as Defendants in this action. Because Plaintiff filed this action while incarcerated, and because he is seeking redress from governmental employees, the Court has undertaken the mandatory screening of his complaint pursuant to 28 U.S.C. § 1915A. In pertinent part, § 1915A provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint

> in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint -- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

The procedure required by § 1915A is, by its terms, a screening process to be applied sua sponte.

After reviewing the amended complaint, it is apparent that the facts in the complaint fail to support a viable claim for relief under 42 U.S.C. § 1983 as to one or more of the named Defendants. Accordingly, the Court will grant Plaintiff the opportunity to file a second amended complaint.

## Discussion

**Plaintiff's allegations and claims**

Plaintiff essentially alleges that he is a vegan vegetarian, and that since 1997 Defendants have provided him with a vegan diet that is not nutritionally adequate. He asserts that as a result of not receiving a nutritionally adequate diet, his health has deteriorated and he now has a "white blood cell deficiency." Plaintiff also alleges that Defendants have been deliberately indifferent to his serious medical needs for refusing to provide him with vitamins to treat his "white blood cell deficiency." Plaintiff asserts that Dr. Do prescribed vitamins for him, but Defendant Rechtene, the Regional Medical Director, refused to approve the vitamins for Plaintiff.

Plaintiff claims that Defendants' actions constitute cruel and unusual punishment under the Eighth Amendment, and a denial of due process under the Fourteenth Amendment.

2

For relief, Plaintiff seeks compensatory and punitive damages, a declaration that Defendants' actions violated his rights under the United States Constitution, and an injunction essentially directing Defendants: 1) to provide him with a nutritionally adequate vegan diet; 2) not to retaliate against him for filing this action; and 3) not to transfer him from his current place of incarceration during the pendency of this action.

## Analysis

**Claim for Injunctive Relief**

Plaintiff seeks and injunction against Defendants requiring them to provide him with a nutritionally adequate vegan diet, and instructing them not to transfer him or retaliate against him for filing this action. Plaintiff is, however, no longer incarcerated with the Florida Department of Corrections (Dkt. 9). Therefore, his requests that Defendants provide him with a nutritionally adequate vegan diet, and refrain from transferring him or retaliating against him are moot. See *McKinnon v. Talladega County, Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984) ("The general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief."). There is absent "any continuing, present injury or real and immediate threat of repeated injury" to Plaintiff. *Dudley v. Stewart*, 724 F.2d 1493, 1494 (11th Cir. 1984) ("Since Dudley is no longer in the custody of county jail officials, the most that can be said for his standing is that *if* he is released from prison, is convicted of another crime and is incarcerated in the Daugherty County Jail, he might again be subject to disciplinary confinement without due process," which is "too speculative to create an actual controversy sufficient for a declaratory judgment to be entered.") (emphasis in original). Accordingly, Plaintiff's claim for injunctive

3

relief is dismissed, and he should omit his claim for injunctive relief from his second amended complaint.

**Claims against Defendants Crosby and McDonough**

Plaintiff names as defendants James Crosby and James McDonough, former Secretaries of the Florida Department of Corrections, but he does not allege sufficient facts showing that these Defendants had any knowledge of Plaintiff's complaints regarding an inadequate vegan diet. The grievances Plaintiff attached to his amended complaint regarding the vegan diet were submitted to prison officials in February 2008 or later (See Dkt. 8 at pgs. 31-41), and the Court takes judicial notice of information on the Florida Department of Corrections website, www.dc.stat.fl.us, which indicates that Walter McNeil was appointed as the Secretary of the Florida Department of Corrections in January 2008. Accordingly, Plaintiff's complaint fails to set forth sufficient facts showing Defendants Crosby and McDonough had any knowledge of Plaintiff's claim that he was receiving a nutritionally inadequate vegan diet.

Furthermore, it is apparent from Plaintiff's amended complaint that he was aware as early as April 23, 2004, that Dr. Do's prescription for vitamins for Plaintiff was not approved, and that if Plaintiff wanted vitamins he had to purchase them from the prison's canteen (Dkt. 8 at pgs. 41-49). The state statute of limitations period applicable to personal injury actions is applied to all actions brought under § 1983. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985), *superceded by statute as recognized in, Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004). "[W]here state law provides for multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury

4

actions." *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). Florida has multiple statutes of limitations for personal injury actions, and Florida's residual limitations period is four years. *See* Fla. Stat. § 95.11(3)(p).

Under the mailbox rule, Plaintiff's original complaint was deemed filed when he delivered it to prison officials on June 8, 2008 (Dkt. 1 at pg. 1). *See Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993). Plaintiff was informed on April 23, 2004, that he would not be receiving the prescribed vitamins, and that he would have to purchase them from the prison's canteen (Dkt. 1 at pgs. 41-49). Thus, Plaintiff's claims relating to the denial of the vitamins are untimely because he did not file his original complaint within the applicable four-year statute of limitations period.

Accordingly, the claims against Defendants Crosby and McDonough are dismissed. Plaintiff should omit his claims against Defendants Crosby and McDonough in his second amended complaint.

**Claims against Defendants Do and Rechtene**

Plaintiff alleges that Defendants Do and Rechtene were deliberately indifferent to his serious medical needs when they denied him the prescription vitamins. As noted, *supra*, Plaintiff's claims pertaining to the denial of vitamins are untimely. Moreover, Plaintiff's factual allegations fail to state a claim against Defendant Do for deliberate indifference to a serious medical need as Defendant Do prescribed vitamins for Plaintiff, but the Regional Director refused to approve the prescription. Accordingly, the claims against Defendants Do and Rechtene are dismissed. Plaintiff should omit his claims against Defendants Do and Rechtene

5

in his second amended complaint.

## Leave to Amend

Within thirty (30) days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or Amended Complaint by reference. **The second amended complaint supersedes both the original and amended complaints, and all claims must be raised in the second amended complaint**.

Plaintiff must limit his allegations in his second amended complaint to claims related to the denial of a nutritionally adequate vegan diet, and name as Defendants only those persons who are responsible for the alleged constitutional violation. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Defendants" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates of the alleged illegal acts. In the section entitled "Statement of Claims," Plaintiff must state what rights or statutes he contends have been

violated, and he must provide reference to the facts supporting the claimed violations. Finally, in the "Relief Requested" section, Plaintiff shall identify the form of relief he seeks from this Court.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's claims against Defendants Crosby, McDonough, Do and Rechtene are **DISMISSED** with prejudice.

2. The Clerk of Court is directed to mail with Plaintiff's copy of this Order a court-approved form for filing a civil rights complaint. This case number should be written on the form.

3. Plaintiff has **thirty (30) days** from the date of this Order to file a second amended complaint, submitted on the court form, in compliance with this Order.

4. If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court shall, without further notice, dismiss this action.

**DONE** and **ORDERED** in Tampa, Florida on May 20, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: *Pro Se* Plaintiff

7